

## NUMBER 13-09-00224-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

RAFAEL RAMIREZ, JR.,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

On appeal from the 107th District Court
of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion Per Curiam

Appellant, Rafael Ramirez, Jr., attempted to perfect an appeal from a conviction for sexual assault. We dismiss the appeal for want of jurisdiction.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the

merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

The trial court imposed sentence in this matter on May 22, 2008. Appellant filed a pro se notice of appeal on April 8, 2009. On April 21, 2009, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive.[1]

On May 6, 2009, appellant's counsel advised the Court that he was not appointed to represent appellant on appeal. Additionally, appellant filed a motion for appointment of counsel. On May 12, 2009, the trial court granted appellant's counsel's motion to withdraw as counsel. This Court abated the case on May 20, 2009 and remanded it to the trial court to determine whether appellant desires to prosecute the appeal, and whether appellant is indigent and entitled to court-appointed counsel. On June 3, 2009, this Court received notice from the trial court that on September 29, 2008, the trial court had appointed the Honorable Arnoldo R. Pena to represent appellant.

On June 3, 2009, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. On June 12, 2009, appellant filed a motion for leave to late file notice of appeal. Appellant's motion states that counsel received notice that he was appointed as counsel for appellant on or

---

[1] The trial court's certification of the defendant's right to appeal shows that this is a plea bargain case and the defendant has no right to appeal. *See* TEX. R. APP. P. 25.2(a)(2). On May 5, 2009, this Court notified appellant's counsel of the trial court's certification and ordered counsel to: (1) review the record; (2) determine whether appellant has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal, or, alternatively, advise this Court as to the existence of any amended certification.

about October 4, 2008, and filed a notice of appeal on June 9, 2009. Appellant requests that the Court accept his notice of appeal as being timely filed.

Unless a motion for new trial has been timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3.

Appellant's notice of appeal, filed more than ten months after sentence was imposed, was untimely, and accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210. Accordingly, appellant's motion for leave to late file notice of appeal is DENIED. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 13th day of August, 2009.

3